UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIYADIN BEKLER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KRISTI NOEM, *et al.*,<br><br>　　　　Respondents. | No. 1:25-cv-01974-CDB (HC)<br><br>ORDER REQUIRING RESPONDENTS TO FILE A RESPONSE TO FIRST AMENDED PETITION<br><br>(Doc. 7)<br><br>**January 8, 2026 Deadline** |

　　　　Petitioner Diyadin Bekler ("Petitioner"), a federal detainee proceeding by counsel, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion for temporary restraining order ("TRO") on December 22, 2025, while in custody of the Immigration and Customs Enforcement ("ICE") at the Mesa Verde ICE Processing Center, located in Bakersfield, California, which is where he is currently incarcerated. (Docs. 1, 2). On December 23, 2025, Petitioner filed the operative first amended petition for writ of habeas corpus. (Doc. 7).

　　　　Before this case was reassigned to the undersigned for all purposes,[1] on December 24, 2025, the then-presiding district judge denied Petitioner's request for a TRO and referred the matter to the undersigned for scheduling. (Doc. 11).

---

[1] On December 30, 2025, after the parties consented to the jurisdiction of a U.S. Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c)(1), this action was reassigned to a U.S. Magistrate Judge. (Doc. 12).

**Preliminary Screening**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. *See* 28 U.S.C. § 2241. A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Petitioner alleges in the first amended petition that he entered the United States on May 29, 2022, and was later released under supervision by ICE. On July 10, 2025, following Petitioner's routine check-in with ICE, he was re-detained. He asserts that his ongoing and indefinite detention by ICE is unlawful in light of Petitioner's full compliance with all reporting requirements and the absence of any criminal history. (Doc. 7 ¶¶ 1, 2). He further alleges that the immigration judge assigned to his case asserted a jurisdictional bar to considering Petitioner's request for bond on August 27, 2025, because the immigration judge erroneously found that Petitioner was subject to mandatory detention based on a finding that Petitioner was arrested shortly after entering the United States without a warrant, despite the record showing that Petitioner was arrested with a warrant and placed into proceedings under the Immigration and Nationality Act § 236(a). *Id.* ¶ 3.

The Court preliminarily concludes that Petitioner's petition may be cognizable under 28 U.S.C. § 2241. In addition, because Petitioner was incarcerated at Mesa Verde ICE Processing Center at the time of filing, and because that facility lies within the Eastern District of California, this Court has jurisdiction to proceed to the merits of the petition. *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999) ("Federal courts have authority to grant writs of habeas corpus 'within their respective jurisdictions.'") (citing 28 U.S.C. § 2241); *see, e.g.*, *Doe v. Garland*, 109 F.4th 1188, 1197-99 (9th Cir. 2024) (holding that the Eastern District of California exercises jurisdiction over core habeas corpus petitions filed by petitioners confined at a facility located within this district).

Given Petitioner's allegations that he may not be removed for the foreseeable future and is without any meaningful opportunity for a custody review, the Court opts to set this matter for expedited briefing on the merits of the petition.

**Conclusion and Order**

Accordingly, it is hereby ORDERED:

1. Respondents SHALL FILE a response to the petition on or before **January 8, 2026**. The response shall include copies of referenced/relevant portions of Petitioner's A-File (if not already filed, see Doc. 7-1) and other supporting documents, including available documentation related to any asserted violations of release conditions. In addition, Respondents shall address in the response why the facts suggest a change in circumstances material to the issue of whether Petitioner is a danger to public safety or a flight risk. *See, e.g., Chavarria v. Chestnut*, No. 1:25-CV-01755-DAD-AC, 2025 WL 3533606, at *4 (E.D. Cal. Dec. 9, 2025); *Bernal v. Albarran*, No. 25-CV-09772-RS, 2025 WL 3281422, at *6 (N.D. Cal. Nov. 25, 2025).

2. Petitioner SHALL FILE any traverse or reply on or before **January 15, 2026**.

3. The parties SHALL indicate in their respective filings whether they are requesting a hearing. Depending on the content of the filings, the Court may set a hearing or may rule on the papers.

IT IS SO ORDERED.

Dated: **December 31, 2025**

UNITED STATES MAGISTRATE JUDGE